JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CIV 4010

RECEIVED MAY 21 2012 U.S.D.C. S.D. N.Y. CASHIERS

| | |
|---|---|
| CAROLYN CHIN,<br><br>Plaintiff,<br><br>-against-<br><br>CH2M HILL COMPANIES, LTD., CH2M HILL, INC. and LEE McINTIRE,<br><br>Defendants. | Case No. ______<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendants CH2M HILL Companies, Ltd., CH2M HILL, Inc. and Lee McIntire (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned civil action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Defendants allege as follows:

## I. PROCEDURAL BACKGROUND

1. On February 14, 2012, Plaintiff Carolyn Chin ("Plaintiff") filed a Complaint against Defendants in the Supreme Court of the State of New York, County of New York, captioned *Carolyn Chin v. CH2M Hill Companies, Ltd., CH2M Hill, Inc. & Lee McIntire*, Index No. 101635-2012 (the "State Court Action"). Attached hereto as **Exhibit A** are true and correct copies of the Complaint and Summonses.

2. Pursuant to an agreement between counsel, on April 19, 2012, counsel for Defendants accepted service of the Complaint and Summons on behalf of all Defendants.

Attached as **Exhibit B** are true and correct copies of the Acknowledgement of Receipt of Summonses and Complaint.

3. As of this date, no further pleadings have been filed or served in the State Court Action and no further proceedings have been conducted in the State Court Action.

4. This Notice of Removal is being filed within thirty (30) days of service of the Complaint and Summons on Defendants. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## II. THE STATE COURT ACTION

5. Plaintiff served as an independent director on Defendant CH2M HILL Companies, Ltd.'s Board of Directors from 2003 until 2009, when her term concluded and she was not nominated for re-election. Compl. ¶ 2.

6. Plaintiff alleges that, in not nominating her for re-election, Defendants violated the New York City Human Rights Law, N.Y.C. ADMIN. CODE §§ 8-102, 8-107, because they discriminated against her on the basis of her sex, race, and disability, and retaliated against her for complaining of sex discrimination.

7. Plaintiff seeks judgment against Defendants in an unspecified amount for (a) damages, including "back pay" and compensation for "mental anguish, humiliation, embarrassment, and emotional injury"; (b) punitive damages; and (c) attorneys' fees. Compl. at p. 13.

8. Plaintiff has demanded a jury trial in the State Court Action.

## III. THE PARTIES

### A. Plaintiff

9. Upon information and belief, Plaintiff is, and was at the time the State Court Action was commenced, a citizen and resident of the State of Florida. *See* Summons, *Chin v. CH2M Hill Companies, Ltd., CH2M Hill, Inc. & Lee McIntire*, Index No. 101635-2012 (N.Y. Sup. Ct. N.Y. Co. filed Feb. 14, 2012), attached hereto as Exhibit A. Upon information and belief, Plaintiff's primary address is 5304 Woodlands Boulevard, Tamarac, Florida 33319.

### B. Defendants

10. Defendant CH2M HILL Companies, Ltd. is a Delaware corporation with its principal place of business in Englewood, Colorado.

11. Defendant CH2M HILL, Inc. is a Florida corporation with its principal place of business in Englewood, Colorado. Defendant CH2M HILL, Inc. is a wholly owned subsidiary of Defendant CH2M HILL Companies, Ltd.

12. Defendant Lee McIntire is, and was at the time the State Court Action was commenced, a citizen and resident of the State of Colorado, with an address at 137 High Street, Denver, Colorado 80218.

13. None of the Defendants is a citizen or corporate resident of the State of New York.

## IV. GROUNDS FOR REMOVAL

14. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 because diversity jurisdiction exists based on the fact that: (1) Plaintiff and Defendants are "citizens of different States," and (2) the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Removal is also proper because

this Court is the district court "for the district and division embracing the place where such action is pending," and because Defendants are not citizens of the State in which this action was brought. 28 U.S.C. § 1441.

**A. Citizens of Different States**

15. Plaintiff's Complaint is removable to this Court because complete diversity of citizenship exists between Plaintiff and the two properly named Defendants, CH2M HILL Companies, Ltd. and Lee McIntire. Plaintiff is a citizen of the State of Florida. For the purposes of diversity jurisdiction, Defendant CH2M HILL Companies, Ltd. is a citizen and corporate resident of the States of Delaware and Colorado. Defendant Lee McIntire is a citizen of the State of Colorado.

16. The non-diverse Defendant, CH2M HILL, Inc.—a citizen and corporate resident of the States of Florida and Colorado—was fraudulently joined in the State Court Action in an attempt to destroy this Court's diversity jurisdiction or otherwise preclude removal. However, "a plaintiff may not destroy a federal court's diversity jurisdiction and a defendant's right to removal by merely joining as defendant parties with no real connection to the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998).

17. Joinder is considered fraudulent when "there is no [reasonable] possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia*, 138 F.3d at 461; *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001) ("several circuits have indicated that the standard is more accurately described as requiring a showing that there is no reasonable basis for predicting liability on the claims alleged. This is the standard this Court applies.") (internal quotation marks and citations omitted).

18. Applying these standards, CH2M HILL, Inc. is a fraudulently joined defendant whose presence does not defeat this Court's diversity jurisdiction. Plaintiff's Complaint alleges that she served as an independent director of CH2M HILL Companies, Ltd. Compl. ¶ 2. Her Complaint, however, is devoid of any allegation that she served on the Board of Directors of Defendant CH2M HILL, Inc. or that she otherwise had an employment relationship with Defendant CH2M HILL, Inc. Indeed, there is no independent reference to any action whatsoever by CH2M HILL, Inc., nor to any relationship Plaintiff had with that entity.[1] The absence of an employment relationship is fatal to Plaintiff's claim against CH2M HILL, Inc. under the New York City Human Rights Law, §§ 8-102, 8-107, since "like Title VII, the [New York City] Human Rights Law and Administrative Code prohibit discrimination in *employment*" and is "limited in applicability to the *employment* relationship." *McGhee v. City of N.Y.*, 2002 WL 1969260, at *3 (N.Y. Sup. Ct. N.Y. Co. Aug. 5, 2002) (emphasis added).

19. Additionally, Plaintiff's Complaint does not allege that CH2M HILL, Inc. exerts any control over CH2M HILL Companies, Ltd.'s business or personnel decisions; nor could she so allege, given the fact that CH2M HILL, Inc. is a wholly owned subsidiary of CH2M HILL Companies, Ltd. *See, e.g., MetLife Sec., Inc. v. Bedford*, 456 F. Supp. 2d 468, 473 (S.D.N.Y. 2006) ("It is a basic principle of corporate law that, provided none of the special circumstances recognized by the law is present, a subsidiary cannot be held liable for the acts of its parent company based solely on the subsidiary's membership in the same corporate family."); *In re Brokerage Antitrust Litig.*, 618 F.3d 300, 341, n.44 (3rd Cir. 2010) ("As a matter of well-settled

[1] The fact that Plaintiff conflates these entities and collectively refers to Defendants as "CH2" throughout her Complaint is insufficient to establish that she had an independent relationship with Defendant CH2M HILL, Inc.

common law, a subsidiary is a distinct legal entity and is not liable for the actions of its parent or sister corporations simply by dint of the corporate relationship.").

20. For all of these reasons, Plaintiff's attempt to defeat diversity jurisdiction by naming CH2M HILL, Inc. as a defendant in the State Court Action should be ignored.

21. The remaining Defendants in this action—CH2M HILL Companies, Ltd. and Lee McIntire—are diverse from the Plaintiff. This case is therefore properly removed on the basis of diversity jurisdiction.

**B. Amount In Controversy**

22. The amount in controversy must exceed $75,000 for diversity jurisdiction to exist. 28 U.S.C. § 1332(a). In cases where, as here, the Complaint fails to specify the amount of damages, a defendant only needs to show that there is a "reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 460 (S.D.N.Y. 2008). This Court is also permitted to "look outside [Plaintiff's complaint] to other evidence in the record" to determine whether the jurisdictional amount is satisfied. *United Food & Commercial Workers Union, Local 919 v. Centermark Prop. Meridian Square, Inc.*, 30 F.3d 298, 308 (2d Cir. 1994).

23. The amount in controversy in the State Court Action is in excess of $75,000. In her Complaint, Plaintiff seeks judgment in an unspecified amount against Defendants for (a) damages, including "back pay" and compensation for "mental anguish, humiliation, embarrassment, and emotional injury"; (b) punitive damages; and (c) attorneys' fees. Compl. at p. 13.

24. In 2008, Plaintiff earned $138,000 as an independent director. *See* CH2M HILL Companies, Ltd. 2008 Proxy Statement at 15, attached hereto as **Exhibit C**. She earned

$118,000 in 2006 and $110,875 in 2007. *See* CH2M HILL Companies, Ltd. 2006 Proxy Statement at 13 and CH2M HILL Companies, Ltd. 2007 Proxy Statement at 15, attached hereto as **Exhibits D and E**. The discrimination she claims she experienced was not being nominated for a third three-year term. Therefore, an award of back pay would, by itself, exceed the jurisdictional minimum.

25. There is therefore a reasonable probability that the amount in controversy in this action, exclusive of interests and costs, exceeds the sum of $75,000 – although Defendants deny liability to the Plaintiff for any amount. This action is therefore one over which the Court has jurisdiction pursuant to 28 U.S.C. § 1441(a).

## V. CONCLUSION

26. Defendants reserve the right to amend or supplement this Notice of Removal as may be appropriate.

27. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief may be granted.

28. Pursuant to the provisions of 28 U.S.C. § 1446, promptly after Defendants' filing of this Notice of Removal with the United States District Court for the Southern District of New York, Defendants will also file a Notice of Filing of Notice of Removal with the clerk of Supreme Court of the State of New York, County of New York. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit F**.

29. Written notice of the filing of this Notice of Removal will be given to Plaintiff.

30. Should Plaintiff file a motion to remand this case, Defendants respectfully request an opportunity to respond more fully in writing.

WHEREFORE, Defendants respectfully request the removal of the State Court Action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: May 21, 2012

GIBSON, DUNN & CRUTCHER LLP

By: ______________________________

Eugene Scalia (*Pro Hac Vice Pending*)
Gabrielle Levin

200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendants CH2M HILL Companies, Ltd., CH2M HILL, Inc., and Lee McIntire*